**UNITED STATES of America**

v.

**Edwin GONZALEZ, also known as Edwin E. Gonzalez**

**Edwin Gonzalez, Appellant.**

No. 09–1207.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) July 10, 2012.

Filed: July 13, 2012.

---

George S. Leone, Esq., Office of United States Attorney, Newark, NJ, for Appellee.

Edwin Gonzalez, Philipsburg, PA, pro se.

John R. Klotz, Esq., Clifton, NJ, for Appellant.

Before: RENDELL, SMITH, and BARRY, Circuit Judges.

OPINION

SMITH, Circuit Judge.

Edwin Gonzalez was indicted on September 14, 2007, on one count of conspiracy to distribute more than 100 grams of heroin, in violation of 21 U.S.C. § 846. Gonzalez's co-conspirator, Jose Benitez, pled guilty to an information and was sentenced to, *inter alia,* 45 months imprisonment on December 21, 2007. On October 2, 2008, a jury in the United States District Court for the District of New Jersey returned a guilty verdict against Gonzalez on the one-count indictment.

Sentencing took place on January 7, 2009. The District Court refused to find that Gonzalez's involvement in the crime warranted a minor role or minimal participant reduction pursuant to U.S.S.G. § 3B1.2 (noting that a minimal participant is plainly among the least culpable of those involved and a minor participant is less culpable than most others but his role is not minimal). Nonetheless, after considering the sentencing factors set forth in 18 U.S.C. § 3553(b)(1), the District Court varied downward from the sentencing guidelines range of 97 to 121 months, imposing, *inter alia,* 85 months imprisonment. Gonzalez filed a timely notice of appeal. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). For the following reasons, we will affirm the judgment of the District Court.

As we explained in *United States v. Richards,* 674 F.3d 215, 222 (3d Cir.2012), we review for clear error a district court's denial of a downward adjustment under U.S.S.G. § 3B1.2. We explained in *Richards* that "[t]he highly factual nature of this inquiry, and a trial court's relative institutional advantages in conducting it, weigh in favor of clear error review." 674 F.3d at 221. Under this highly deferential standard, we are satisfied that the District Court did not clearly err in denying a minor role or minimal participant adjustment.

As the District Court noted, Gonzalez had a significant role in this drug transaction. Over the 24–hour period between the confidential informant's original negotiations with Gonzalez's alleged co-conspirator Benitez and the drug transaction itself, there were nineteen telephone calls. The timing and site of the drug transaction were made to accommodate Gonzalez's schedule. The transaction, as the District Court noted, took place in Gonzalez's car. DEA agents recovered scales that are typically used in drug transactions from Gonzalez's car and $1,000 dollars on his person.

Gonzalez also claims that his sentence "was excessive." Because he fails to raise any arguments or citations in support of this claim, we need not consider this issue. *See United States v. Voigt,* 89 F.3d 1050, 1064 n. 4 (3d Cir.1996) (appellate briefs must contain statements of all issues for appeal, together with supporting arguments and citations, or issues are waived).

Gonzalez further argues that his counsel was ineffective because he failed to confirm the accuracy of the Government's Spanish–to–English translations of the various audio recordings. In *Massaro v. United States,* 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003), the Supreme

Court instructed that "a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance." Ineffective assistance claims must be litigated in the district court, which is the more appropriate forum for determining the adequacy of representation. *See id.* As we observed in *United States v. Thornton,* the record on direct appeal "may reflect the action taken by counsel but not the reasons for it. The appellate court may have no way of knowing whether a seemingly unusual or misguided action by counsel had a sound strategic motive or was taken because the counsel's alternatives were even worse." 327 F.3d 268, 272 (3d Cir.2003) (quoting *Massaro,* 538 U.S. at 505, 123 S.Ct. 1690). We conclude that Gonzalez's ineffective counsel claim would be better raised on collateral review.

For the foregoing reasons, we will affirm the judgment of the District Court.